UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID KEITH,

                                      Plaintiff,                    5:24-cv-1391 (BKS/MJK)

v.

OFFICER COLIN MAHAR, OFFICER DANIEL
MEDLOCK, OFFICER JASON LADD, OFFICER
DANIEL FAHEY, OFFICER KIMBERLY DISHAW, and
SEGREANT JONATHAN TUCKER

                                      Defendants.
_____

**Appearances:**

*Plaintiff, pro se:*
David Keith
Syracuse, NY 13207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff David Keith commenced this action pro se in the Northern District of New York asserting claims under 42 U.S.C. § 1983 on behalf of himself and his minor child, D.K., and seeking leave to proceed *in forma pauperis*. (Dkt. Nos. 1–2). This matter was referred to United States Magistrate Judge Mitchell J. Katz who, on December 11, 2024, issued a Report-Recommendation recommending that some of Plaintiff's claims survive *sua sponte* review and that a response be required and that other claims be dismissed. (Dkt. No. 5). Objections were due on December 26, 2024, and rather than filing objections, Plaintiff filed an amended complaint. (Dkt. No. 6). In a text order, the Court noted that Plaintiff was entitled to file the amended complaint as of course under Fed. R. Civ. P. 15(a)(1) and accordingly, denied the Report-

Recommendation, (Dkt. No. 5), as moot. (Dkt. No. 7). The Court referred the amended complaint to Magistrate Judge Katz for review. (*Id.*). Magistrate Judge Katz issued a second Report-Recommendation again recommending that some of Plaintiff's claims survive *sua sponte* review and that a response be required and that other claims be dismissed. (Dkt. No. 8). No objections were filed.

## II.   BACKGROUND[1]

In the amended complaint, Plaintiff alleges that on November 17, 2021 at 9:53 a.m., at 2200 Onondaga Creek Boulevard, he was "peacefully protesting what [he] believed to be the mishandling of [his] daughter being bullied" at school. (Dkt. No. 6, at 3). Officer Mahar arrived to the scene, and asked Plaintiff to speak with him. (*Id.*). Plaintiff asked if he was breaking any laws, and Officer Mahar responded "Well you may have that's why I'm trying to talk to you." (*Id.*). The two had a brief exchange where Officer Mahar informed Plaintiff that there were allegations he had made serious threats. (*Id.* at 3–4). Officer Mahar allegedly told his partner, Officer Ladd, that Plaintiff was being "a porkchop," or "someone who walks into a school, says he's going to shoot it up, then stands outside and acts like this." (*Id.* at 4). Plaintiff denied making any threats. (*Id.*). Officers Mahar and Ladd put Plaintiff in handcuffs and frisked him. (*Id.*).

Several minutes later, Officers Medlock, Fahey, and Dishaw arrived and Officer Mahar informed them that Plaintiff was sitting in the back of Officer Mahar's cruiser because he was "super uncooperative." (*Id.*). At 10:00 a.m., Officers Medlock, Fahey, and Dishaw went inside the school, and confirmed that the school principal had called the police. (*Id.*). A different staff member informed the Officers that they did not hear Plaintiff make any threats. (*Id.*). At 10:27

---

[1] These facts are drawn from the amended complaint. (Dkt. No. 6). In evaluating a complaint under 28 U.S.C. § 1915(e)(2)(B), a court "accept[s] the offered facts as true and draw[s] all reasonable inferences in the plaintiff's favor." *Dees v. Knox*, No. 24-1574-cv, 2025 WL 485019, at *1, 2025 U.S. App. LEXIS 3343, at *3 (2d Cir. Feb. 13, 2025).

a.m., Officer Fahey told Officer Mahar that Plaintiff did not make any threats, but Officer Mahar decided to keep Plaintiff detained. (*Id.*).

While he was detained, Plaintiff had trouble breathing. (*Id.*). Plaintiff had previously informed the officers that he had "heart problems." (*Id.* at 6). Officer Mahar called an ambulance, and Plaintiff was seen by paramedics but not taken to a hospital. (*Id.* at 4). The paramedics noted that his blood pressure was high (*Id.* at 6). After they finished, the paramedics told Officers Mahar and Ladd that they would be standing off to the side "[j]ust in case." (*Id.* at 4). Plaintiff subsequently had trouble breathing again, and all of the officers "refused to alert the paramedics," with Officer Mahar explaining that the paramedics had just checked him and he was fine. (*Id.* at 4–5). Plaintiff then complained that his handcuffs were tight. (*Id.* at 5). Officer Mahar adjusted them, pulling on the chain and causing more pain. (*Id.*). Plaintiff alleges that he experiences pain in his right shoulder and numbness in his right hand and wrist as a result of the handcuffs. (*Id.* at 8).

Plaintiff was kept in handcuffs while the Officers and Sergeant Tucker investigated whether Plaintiff's daughter had been seen by a mental health professional. (*Id.* at 5). The officers all discussed the fact that Plaintiff had not committed any crime, and Officer Medlock suggested he be held until his daughter was found. (*Id.*). After an hour and ten minutes, Plaintiff was released from handcuffs and went home. (*Id.*). He found Officers Medlock and Fahey standing outside his home with his daughter. (*Id.*). He subsequently learned that the Officers entered his home while he was detained, and removed his daughter from the home without his permission. (*Id.*). Plaintiff alleges they transported her to a comprehensive psychiatric emergency program without his permission, and that his daughter asked to be let out of the car or taken home several times and was denied. (*Id.*).

The November 17, 2021 incident was not Plaintiff's first encounter with Officer Mahar. (*Id.* at 7). On October 9, 2021, Officers Mahar and Drury arrived at his home. (*Id.*). Officer Mahar put his foot in the front door, and Plaintiff closed the door and said he would come around from the back to speak with Officer Mahar. (*Id.*). Officer Mahar began to insult Plaintiff, and Plaintiff asked him to leave, but he refused. (*Id.*). Officers Mahar and Drury then entered Plaintiff's home and refused to leave when Plaintiff asked. (*Id.*). During the incident, Plaintiff called Officer Mahar obscenities and disrespectful names. (*Id.*).

After the November 17, 2021 incident, Plaintiff submitted a formal complaint to the City of Syracuse. (*Id.* at 9). Plaintiff has approached and/or notified the City of Syracuse Chief of Police, Syracuse Citizen Review Board, Syracuse Common Council and the Mayor of Syracuse. (*Id.*). Plaintiff alleges that there has not been "any communication regarding processes, procedures, [or] updates from these entities that addressed this issue in a way that was acceptable regarding the violations." (*Id.*). The official response has been that Plaintiff's complaints are unfounded. (*Id.*). The Mayor verbally told Plaintiff, "I've tried to help. I'm sorry I can't do more. God bless you." (*Id.*).

In the amended complaint, Plaintiff asserts claims for (1) unlawful detention, (2) unlawful arrest, (3) deliberate indifference, (4) due process, (5) First Amendment retaliation, (6) failure to intervene, (7), excessive use of force, (8) failure to supervise, (9) unlawful entry, (10) failure to supervise or discipline against the City of Syracuse, (11) unlawful detainment, and (12) due process. (*Id.* at 6–9). In his Report-Recommendation, Magistrate Judge Katz recommended that Plaintiff's claim for deliberate indifference against Officers Medlock, Ladd, Mahar, Fahey and Sergeant Tucker and claim for failure to supervise or discipline against the City of Syracuse be dismissed without prejudice and with leave to amend, that Plaintiff's fifth claim for First

4

Amendment retaliation be dismissed with prejudice without leave to amend, and that the remainder of Plaintiff's claims survive *sua sponte* review and require a response. (*Id.* at 27–28).[2]

### III.   STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a party has fourteen days to file written objections to a magistrate judge's report-recommendation and the failure to object within fourteen days precludes appellate review. Where, as here, no objections are filed, a court reviews the report-recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Sughrim v. New York*, 690 F. Supp. 3d 355, 372 (S.D.N.Y. 2023) (quoting *Stenson v. Heath*, No. 11-cv-5680, 2015 WL 3826596, at *2, 2015 U.S. Dist. LEXIS 80013, at *3–4 (S.D.N.Y. June 19, 2015)). Upon reviewing the Report-Recommendation, the Court finds instances of clear error.

### IV.   DISCUSSION

#### A. Claims on Behalf of D.K.

Plaintiff's initial complaint identified himself and his minor child, D.K. as Plaintiffs. (Dkt. No. 1, at 1). The initial complaint asserted an unlawful detainment claim and an unreasonable search, seizure and interceptions claim on D.K.'s behalf. (*Id.* at 8, 10). In the first Report-Recommendation, Magistrate Judge Katz recommended that these claims be dismissed because a non-attorney plaintiff may not appear *pro se* on behalf of his minor daughter. (Dkt. No. 5, at 25–26 (citing cases)); *see also Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 132–33

---

[2] The actual recommendation in the Report-Recommendation recommends that Plaintiff's tenth claim survive *sua sponte* review. (Dkt. No. 6, at 28). However, given the analysis included in the Report-Recommendation, (*Id.* at 24–26), the Court presumes that Magistrate Judge Katz intended to recommend that the claim be dismissed without prejudice with leave to amend.

(2d Cir. 2009). Although the Report-Recommendation refers to Plaintiff as appearing individually and on behalf of D.K., (Dkt. No. 8 at 1), the amended complaint no longer identifies D.K. as a plaintiff, and does not include any claims on D.K.'s behalf. (*See* Dkt. No. 6).[3] If Plaintiff intends to include any claims on D.K.'s behalf in an amended complaint, he must find an attorney to bring the claims on her behalf.

### B. First Amendment Retaliation

Magistrate Judge Katz recommended dismissing Plaintiff's fifth claim against Officer Mahar for retaliation with prejudice and without leave to amend because (1) the claim is untimely and (2) Plaintiff failed to allege any causal connection between the protected speech and the adverse action. (Dkt. No. 8, at 13–16). Magistrate Judge Katz concluded that the claim was untimely because the "underlying events giving rise to plaintiff's First Amendment retaliation claim occurred on October 9, 2021, more than three years prior to the filing [sic] this action." (*Id.* at 13). Although Plaintiff does allege that the protected speech at issue occurred on October 9, 2021, he alleges that the adverse action occurred on November 17, 2021. (Dkt. No. 6, at 7). Accordingly, the claim did not accrue until November 17, 2021 and was timely brought within the three-year statute of limitations when the initial complaint was filed on November 15, 2024. *See Smith v. Campbell*, 782 F.3d 93, 101 (2d Cir. 2015) (holding that a First Amendment retaliation claim "accrues when all of the elements necessary to state the claim are present"). Magistrate Judge Katz concluded that the there was no causal connection because "the alleged retaliatory act by Officer Mahar occurred thirty-seven months after the October 9, 2021 incident." (Dkt. No. 8, at 15–16). However, in reality, the alleged retaliatory act occurred thirty-nine *days* after Plaintiff's speech, which is sufficient at this stage to "support an inference of a

---

[3] The clerk is respectfully directed to terminate D.K. as a Plaintiff.

causal connection" given that the "protected activity was close in time to the adverse action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009). Accordingly, the Court finds both bases for Magistrate Judge Katz's recommendation to be clear error and denies the recommendation that Plaintiff's First Amendment retaliation claim be dismissed with prejudice and without leave to amend.

### C. Failure to Supervise

Plaintiff alleges that Sergeant Tucker "was aware and allowed" Officers Fahey and Medlock to go to his home and interview his "minor child without [his] knowledge and/or permission knowing [he] was in police custody at the time." (Dkt. No. 6, at 8). Plaintiff further alleges that Sergeant Tucker "allowed Officer Mahar to detain" Plaintiff, even though "he knew [Plaintiff] wasn't suspected or accused of any crime." (*Id.*). Magistrate Judge Katz recommended that the claim survive *sua sponte* review and that a response be required because the amended complaint "plausibly allege[d] a claim against Sergeant Tucker for failure to supervise" and that "Sergeant Tucker was personally involved with plaintiff's detention and was aware that plaintiff had not committed a crime." (Dkt. No. 8, at 22). However, the Court finds this to be clear error because these conclusory allegations fail to plausibly allege Sergeant Tucker's personal involvement. *See Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020) (holding that a plaintiff must "establish that [the defendant] violated the [Constitution] by [the defendant's] own conduct, not by reason of [the defendant's] supervision of others who committed the violation"). Here, there are no allegations that Sergeant Tucker's own conduct formed the basis for any Constitutional violations; rather the theory of liability is solely rooted in Sergeant Tucker's supervision of Officers Fahey, Medlock, and Mahar. Accordingly, the Court finds that it was

7

clear error to recommend that the claim survive, and as such, dismisses the claim without prejudice and with leave to amend.

### D. Fourteenth Amendment Due Process

Plaintiff alleges a Fourteenth Amendment due process violation against Officer Mahar for the "defacto arrest" and against Officers Medlock and Mahar for holding him in custody. (Dkt. No. 6, at 7, 9). In the Report-Recommendation, Magistrate Judge Katz found that the amended complaint "plausibly allege[d] that plaintiff's constitutional due process rights were violated when he remained handcuffed after all the officers on scene, including Officers Mahar and Medlock, were aware that plaintiff had not committed a crime." (Dkt. No. 8, at 12). However, "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005); *see also Montague v. City of Rochester*, No. 20-cv-715, 2021 WL 2044184, at *3, 2021 U.S. Dist. LEXIS 99210, at *8 (W.D.N.Y. May 4, 2021) (dismissing due process claims on 28 U.S.C. §§ 1915(e)(2)(B) review because they clearly arose under the Fourth Amendment). Here, Plaintiff has surviving claims against Officer Mahar for unlawful detention and unlawful arrest and against Officer Medlock for unlawful detainment. Accordingly, the Court finds that Magistrate Judge Katz's recommendation that the fourth and twelfth due process causes of action survive *sua sponte* review was clear error. As such, the Court dismisses the fourth and twelfth due process claims with prejudice and without leave to amend.

### V. LEAVE TO AMEND

After the second Report-Recommendation was filed, Plaintiff filed a Second Amended Complaint. (Dkt. No. 9). The Second Amended Complaint was filed in violation of Fed. R. Civ.

P. 15(a), because Plaintiff had exhausted his right to amend as a matter of course and filed it without leave from the court or written consent from the opposing parties. Accordingly, the Second Amended Complaint is stricken as improperly filed. However, the Court now adopts Magistrate Judge Katz's recommendation, (Dkt. No. 8, at 26–27), that Plaintiff be allowed to amend his complaint.

The Court has reviewed the remainder of the Report-Recommendation for clear error and found none. The remainder of the Report-Recommendation is therefore adopted.

## VI.   CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 8) is **ADOPTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's third claim for deliberate indifference against Officers Medlock, Ladd, Mahar, Fahey and Sergeant Tucker is **DISMISSED WITHOUT PREJUDICE** and with leave to amend; and it is further

**ORDERED** that Plaintiff's eighth claim for failure to supervise against Sergeant Tucker is **DISMISSED WITHOUT PREJUDICE** and with leave to amend; and it is further

**ORDERED** that Plaintiff's tenth claim for failure to supervise or discipline against the City of Syracuse is **DISMISSED WITHOUT PREJUDICE** and with leave to amend; and it is further

**ORDERED** that Plaintiff's fourth and twelfth claims for due process violations against Officers Mahar and Medlock are **DISMISSED WITH PREJUDICE** and without leave to amend; and it is further

**ORDERED** that the remainder of Plaintiff's claims survive *sua sponte* review and require a response; and it is further

**ORDERED** that any amended complaint addressing the deficiencies with respect to the third, eighth, and tenth claims must be filed within thirty days of the date of this Order, and any amended complaint must be a complete and separate pleading; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 9), is **STRICKEN** as improperly filed; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 14, 2025
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge