**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID KEITH,

Plaintiff, 5:24-cv-01391 (BKS/MJK)

v.

OFFICER COLIN MAHAR, OFFICER DANIEL MEDLOCK, OFFICER JASON LADD, OFFICER DANIEL FAHEY, OFFICER KIMBERLY DISHAW, AND SGT. JONATHAN TUCKER,

Defendants.

---

**Appearances:**

*Plaintiff pro se:*
David Keith
Syracuse, NY 13207

*For Defendants:*
Susan R. Katzoff
Corporation Counsel of the City of Syracuse
Connor J. Simonetta
Assistant Corporation Counsel
300 City Hall
233 East Washington Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff David Keith filed this action pro se asserting claims under 42 U.S.C. § 1983 against Syracuse Police Officers Colin Mahar, Daniel Medlock, Jason Ladd, Daniel Fahey, and Kimberly Dishaw, and Sergent Jonathan Tucker. (Dkt. No. 6). This action arises from an interaction between Plaintiff and Defendants on November 21, 2021 in Syracuse, New York.

(Dkt. No. 6, at 3). Plaintiff asserts Fourth Amendment unlawful detention, unlawful arrest, failure to intervene, excessive force, and unlawful entry claims and a First Amendment retaliation claim. (Dkt. No. 6). Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 37 and 41 for failure to prosecute and failure to follow a court order. (Dkt. No. 38). Plaintiff has not responded to the motion. For the following reasons, Defendants' motion is granted in part and denied in part.

## II. PROCEDURAL HISTORY

On November 15, 2024, Plaintiff filed the Complaint and a motion to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2). On December 11, 2024, United States Magistrate Judge Mitchell J. Katz granted Plaintiff IFP status. (Dkt. No. 5). On December 26, 2024, Plaintiff filed an Amended Complaint, which the Court referred to Magistrate Judge Katz for initial review and a Report-Recommendation, which was issued on January 10, 2025. (Dkt. Nos. 6, 7, 8). On April 14, 2025, adopting the Report-Recommendation, in part and rejecting it in part, the Court allowed the above-referenced First and Fourth Amendment claims to proceed, dismissed Plaintiff's remaining claims without prejudice, and granted Plaintiff thirty days to file an amended complaint. (Dkt. No. 10). No amended complaint was filed.

On May 20, 2025, Magistrate Judge Katz ordered service, issued a General Order #25 Filing Order directing that the parties exchange "Mandatory Disclosures . . . on or before August 26, 2025," and scheduled a Rule 16 conference. (Dkt. Nos. 11, 13).

During the September 2, 2025, Rule 16 conference, Magistrate Judge Katz explained the pretrial process to Plaintiff, noted that Defendants had served their mandatory disclosures, and instructed Plaintiff to serve "his mandatory disclosures." (Text Minute Entry, Sept. 2, 2025). Magistrate Judge Katz issued a Scheduling Order the same day, setting a discovery deadline of February 17, 2026. (Dkt. No. 22).

In a status report filed on October 15, 2025, Defendants stated that they had not received Plaintiff's mandatory disclosures or "any written discovery demands from Plaintiff to date." (Dkt. No. 26). On October 16, 2025, Magistrate Judge Katz issued a Text Order reminding Plaintiff that his "Rule 26 disclosures are long overdue and that the discovery cutoff remains as February 27th, 2026." (Dkt. No. 27).

Defendants indicate that they sent authorizations to Plaintiff for signature on December 4, 2025,[1] (Dkt. No. 38-1, at 11), and interrogatories to Plaintiff on December 5, 2025, (Dkt. No. 31). On December 5, 2025, Defendants filed a status report indicating that "[a]ll parties have served their Rule 26(a)(1) initial disclosures," that both parties had served written interrogatories and requests for production, that Defendants were working on their responses to outstanding discovery, and that "[b]oth parties have conferred and are cooperating in good faith to move discovery forward." (Dkt. No. 29).

In a February 17, 2026, status report, Defendants stated that the "parties [were] in active discovery," that  Defendants had satisfied their discovery obligations "[t]o date," but that Plaintiff had not sent answers to Defendants' interrogatories.[2] (Dkt. No. 31)

On March 5, 2026, Magistrate Judge Katz held a status conference. (Text Minute Entry, Mar. 5, 2026). At the conference, "counsel for Defendants reiterated the lack of Plaintiff's responses to their interrogatories and explained the outstanding requests for authorizations." (Dkt. No. 38-2, ¶ 24). Plaintiff initially stated that he "had not intended to respond to defendants'

[1] This statement is contained in Defendants' Memorandum of Law, (Dkt. No. 38-1, at 11), but is not reflected in their attorney declaration or elsewhere in the record. Defendants indicate that they sought "a HIPAA authorization, Medicare/Medicaid authorization, SSA Authorization, Unemployment Records authorization, and a Worker's Compensation authorization." (Dkt. No. 38-1, at 6 n.1).

[2] In the same status report, Defendants also indicated that Plaintiff had "responded . . . accordingly" to authorizations sent on August 28, 2025. (Dkt. No. 31). Presumably, these are different from the authorizations Defendants sent to Plaintiff for signature on December 4, 2025. (Dkt. No. 38-1, at 11).

discovery demands." (Text Minute Entry, Mar. 5, 2026). However, after Magistrate Judge Katz "address[ed] the importance of the discovery process . . . plaintiff agree[d] to respond to Defendants' interrogatories and provide the requested authorizations by March 20, 2026." (*Id.*). Magistrate Judge Katz extended the discovery deadline to April 17, 2026. (Dkt. No. 32).

In a March 27, 2026, status report Defendants stated that they had received Plaintiff's interrogatory responses, but as the responses were "largely unsatisfactory," they intended to confer with Plaintiff to "elicit" responsive answers. (Dkt. No. 33). Defendants further stated that "Plaintiff has failed to return any of the requested authorizations." (*Id.*).

On March 30, 2026, Magistrate Judge Katz issued a Text Order directing that Plaintiff provide the requested authorizations by April 7, 2026, and reminding Plaintiff that he (Plaintiff) "commenced this lawsuit, and he must therefore move the case forward, which includes timely responding to discovery requests." (Dkt. No. 34).

In an April 14, 2026, three days before the discovery deadline, Defendants filed a status report stating that Plaintiff had yet to return signed authorizations and that this "has prejudiced Defendants' ability to assess the merits of Plaintiff's case." (Dkt. No. 36).

On April 17, 2026, Magistrate Judge Katz issued a Text Order noting that it "appear[ed] that Plaintiff has failed to fulfill his discovery obligations," granting Defendants leave "to file a motion seeking such relief as they deem appropriate under the circumstances," and reminding the parties that the discovery deadline expired that day. (Dkt. No. 37). Defendants filed the instant motion to dismiss the same day. (Dkt. No. 38). The Court notified Plaintiff that his response to Defendants' motion to dismiss was due May 8, 2026, (Dkt. No. 39). On May 20, 2026, the Court issued a Text Order noting that Plaintiff had failed to respond to Defendants' motion to dismiss, but that, "[i]n view of plaintiff's pro se status, the Court [was] granting plaintiff an extension of

time until 6/8/2026 to submit any opposition to this motion." (Dkt. No. 40). The Court advised that: "Plaintiff's failure to file any response to the motion may result in the motion being granted since the court will not have the benefit of the plaintiff's response to consider in making its decision." (*Id.* (emphasis omitted)). Plaintiff has not responded to Defendants' motion and has not been in contact with the Court since participating in the March 5, 2026, status conference with Magistrate Judge Katz.

## III. DISCUSSION

### A. Legal Standards

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a pro se litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (citation modified) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

When determining whether dismissal under Rule 41(b) is appropriate, a court must consider the following factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay

> would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254. None of these factors is dispositive. *See Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if an individual fails to obey a discovery order, the court may take various steps to sanction the disobedient party. *See*, *e.g.*, Rule 37(b)(2)(A)(v) (authorizing the court to dismiss an action for failure to comply with a discovery order). The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). Imposing such a severe sanction "is appropriate 'only when a court finds willfulness, bad faith, or any fault' by the non-compliant litigant." *Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024) (quoting *Bobal*, 916 F.2d at 764). The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

**B. Analysis**

**1. Duration**

"Courts typically break the first factor down into two parts: '(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration.'" *Lamothe v. Connecticut*, No. 19-cv-00699, 2025 WL 3514225, at *3, 2025 U.S. Dist. LEXIS 252620, at *9 (D. Conn. Dec. 8, 2025) (quoting *Drake*, 375 F.3d at 255).

Defendants assert the following demonstrates Plaintiff's "continued pattern of dilatory conduct": Plaintiff failed to provide his mandatory disclosures until November 2025, approximately three months after the August 26, 2025, deadline, (Dkt. No. 38-1, at 10); Plaintiff failed to respond to Defendants' interrogatories by the February 17, 2026, discovery deadline and only responded after Magistrate Judge Katz directed Plaintiff to do so, (*see* Text Minute Entry, Mar. 5, 2026; Dkt. No. 33); and Plaintiff missed "two signed Authorization deadlines" (March 20, 2026 and April 17, 2026), and has not "returned any authorizations" to date, (Dkt. No. 38-1, at 10; Dkt. No. 38-2, ¶¶ 27–30). There is no question that the failures to prosecute in this case were those of Plaintiff. Further, Plaintiff's "dilatory" conduct with respect to his discovery obligations has caused a delay of more than several months, and, according to Defendants, brought discovery to a halt. (*See* Dkt. No. 38-1, at 11 (Defendants arguing that delay in returning the authorizations "has caused discovery to come to a complete impasse," that they "cannot adequately conduct depositions without knowing the vital information that only can been accessed once the Authorizations have been signed," and that to "acquire this information to challenge and/or [sic] Plaintiff's theory of damages" "[v]arious subpoenas need to be sent out to third parties")). A delay of several months can constitute a failure "of significant duration." *See, e.g.*, *Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal." (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)); *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) ("This period of inaction, over four months long, weighs strongly in favor of dismissal.").

**2. Notice of Dismissal**

The second factor requires courts to consider whether the plaintiff "received notice 'that further delays would result in dismissal.'" *Drake*, 375 F.3d at 255 (quoting *Martens v. Thomann*,

273 F.3d 159, 180 (2d Cir. 2001)). In this case, Plaintiff received warnings and reminders, but none advised Plaintiff that further delays would result in dismissal. The Pretrial Scheduling Order, for example, warned that "failure to comply with" discovery deadlines "may result in the imposition of sanctions, including the preclusion of testimony," (Dkt. No. 22, at 3), and Magistrate Judge Katz instructed Plaintiff on the importance of the discovery process and extended the discovery deadline, (Text Minute Entry, Mar. 5, 2026), and reminded Plaintiff of his obligation to move the case forward, (Dkt. No. 34). However, since none of these warnings or reminders notified Plaintiff that further delays with respect to discovery or otherwise would result in dismissal, the second factor "does not favor dismissal." *Drake*, 375 F.3d at 256.

### 3. Prejudice

The third factor, prejudice, "may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Here, Defendants contend the delay has effectively ended discovery in a case that has been pending now for nearly two years, and was filed nearly three years after the events at issue. (Dkt. No. 1 (filed Nov. 15, 2024 (alleging claims stemming from November 17, 2021)); *Weir v. C&B Delivery LLC*, No. 23-cv-9097, 2024 WL 3823432, at *5, 2024 U.S. Dist. LEXIS 144310, at *13–14 (E.D.N.Y. Aug. 13, 2024) ("Defendants are rightly entitled to discovery needed to defend this action, and thus were likely prejudiced by inadequate or untimely responses."). Further, Plaintiff has offered no reason for the discovery delay, other than to say, at one point, that he did "not intend[] to respond." (Text Minute Entry Mar. 5. 2026). The third factor therefore favors dismissal.

### 4. Balance Between Calendar Congestion and Right to be Heard

The fourth factor requires courts to "strike the proper 'balance' between alleviating excess cases on the docket and the litigant's right to be heard." *Weir*, 2024 WL 3823432, at *5,

2024 U.S. Dist. LEXIS 144310, at *14. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535–36. "Nonetheless, 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may warrant a dismissal under Rule 41(b).'" *St. Prix v. Sirus XM Satellite Radio*, No. 11-cv-1506, 2014 WL 405812, at *4, 2014 U.S. Dist. LEXIS 13167, at *9 (S.D.N.Y. Jan. 29, 2014) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)). Here, however, Plaintiff has shown little interest in prosecuting this case: he made no contact with the Court for more than eight months and filed no response to Defendants' motion to dismiss, despite an extension of time and a warning that failure to respond could result in a ruling granting the motion to dismiss. (Dkt. No. 40). The Court therefore concludes that the balance tips in favor of the Court's docket considerations. *See Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (finding "the balance tips decidedly in favor of the Court's need to reduce docket congestion—and against the plaintiff's right to be heard—as Caussade has shown little interest in prosecuting this case"). Thus, the fourth factor weighs in favor of dismissal

**5. Lesser Sanctions**

No lesser sanction, such as preclusion of evidence, has been sought or considered in this case. On the other hand, Plaintiff has had no contact with the Court since March 5, 2026, has caused several delays in discovery, at one point told the Court that he did not intend to provide discovery (though he subsequently did), and has not responded to the motion to dismiss. The Court therefore concludes that a lesser sanction is unlikely to prompt Plaintiff's engagement. Further, because Plaintiff is proceeding in forma pauperis, a monetary fine would be unlikely to alter his behavior. *Wingate v. Burke*, No. 14-cv-4063, 2022 WL 3362164, at *5, 2022 U.S. Dist. LEXIS 123057, at *16 (E.D.N.Y. Apr. 18, 2022); *report-recommendation adopted sub nom.*

*Wingate v. Greene*, 2022 WL 2702844, 2022 U.S. Dist. LEXIS 122916 (E.D.N.Y. July 12, 2022). Thus, the fifth factor also weighs in favor of dismissal.

Although four of the five factors favor dismissal, because Plaintiff has not received notice that failure to respond or further delay will result in dismissal (second factor), the Court provides Plaintiff fourteen (14) days to provide the signed authorizations to Defendants and to file a status report with the Court stating that he has provided the signed authorizations to Defendants and that he intends to prosecute this action. **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL WITH PREJUDICE OF THIS ACTION.**

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 38) is **denied in part and granted in part**; and it is further

**ORDERED** that within fourteen (14) days Plaintiff must: (1) provide the signed authorizations to Defendants; and (2) file a status report with this Court stating that he has provided the signed authorizations to Defendants and that he intends to prosecute this action; and it is further

**ORDERED** that if Plaintiff fails to comply with this Order, the Amended Complaint (Dkt. No. 6) will be **DISMISSED WITH PREJUDICE and this case will be closed without further order**; and it is further

**ORDERED** that the Clerk of the Court serve this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 23, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge